UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY KONRATH, | ) |
| Plaintiff, | ) |
| vs. | )  No. 1:16-cv-03124-TWP-DKL |
| GREGORY PEMBERTON, | ) |
| Defendant. | ) |

**Entry Granting Motion to Proceed *in forma pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

Plaintiff Gregory Konrath filed this action on November 15, 2016 against Defendant Gregory Pemperton, alleging violations of his rights under 42 U.S.C. § 1983 and 1985. Before the Court are Konrath's Motion for Leave to Proceed *in forma pauperis* [Dkt. 2], Motion to Compel Production of Record [Dkt. 3], and Motion to Screen Claim [Dkt. 4]. The Court will address each motion.

**I.**

Konrath's motion to proceed *in forma pauperis* [Dkt 2] is **granted**. He shall have **through December 30, 2016,** to pay an initial partial filing fee of $15.00.

**II.**

Konrath brings this complaint pursuant to 42 U.S.C. §§ 1983 and 1985. His motion to screen claim [Dkt. 4] is **granted** because the complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute provides that a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Konrath alleges that he sought legal advice from the Pemperton, who is a lawyer, in 2010 regarding his rights under the Family Medical Leave Act and the Americans with Disabilities Act. Rather than assist him in pursuing these rights, Pemperton conspired with others to ensure that Konrath was terminated from his employment. Based on the required screening, the complaint must be **dismissed**.

First, any claim brought pursuant to 42 U.S.C. § 1983 is **dismissed** for failure to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 638 (3d Cir. 1995). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic,* 313 U.S. 299, 326 (1941). Because there is no allegation that the defendant in this case, a private attorney, acted under color of state law, the plaintiff has failed to state a claim under § 1983.

Next, any claim under 42 U.S.C. § 1985(3) must also be dismissed. To establish liability for conspiracy under 42 U.S.C. § 1985, a plaintiff must establish: 1) a conspiracy; 2) that the purpose of the conspiracy was to deprive a person of equal protection of the laws, or to deprive a person of his privileges and immunities under the laws; 3) that an act was committed in furtherance of the conspiracy; and 4) that an injury occurred as a result. *See Griffin v. Breckenridge,* 403 U.S.

88, 102-04 (1971). While Konrath correctly asserts that claims under § 1985 are not limited to race-based discrimination, a plaintiff "must allege that the acts complained of were the product of racial or class-based animus." *Komasinski v. I.R.S.*, 588 F. Supp 974, 977 (N.D. Ind. 1984) (*citing Dunn v. State of Tennessee*, 697 F.2d 121 (6th Cir. 1982)). "A complaint that does not contain such allegations will be dismissed . . . under Rule 12(b)(6) . . . ." *Id*. Here, there is no allegation that the alleged animus against Konrath was based on his membership in a particular protected class.

Even if the complaint did state a viable claim under § 1983 or § 1985, those claims would be barred by the applicable statute of limitations. The statute of limitation for constitutional torts such as those alleged is two years. *See Myles v. United States,* 416 F.3d 551 (7th Cir. 2005); *Hoaglan v. Town of Clear Lake, Ind.*, 415 F.3d 693-699-700 (7th Cir. 2005). Konrath alleges that the acts at issue took place six years ago, in 2010. "It is, of course, 'irregular' to dismiss a claim as untimely under Rule 12(b)(6). . . . However, . . . dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [himself] out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also Koch v. Gregory*, -- Fed. Appx. --, 2013 WL 5779636 (7th Cir. Oct. 28, 2013) (stating that when the language of the complaint plainly shows that the statute of limitations bars the suit, dismissal under § 1915A is appropriate).

In light of the dismissal of the instant complaint, Konrath's motion to compel production [Dkt. 3] is **denied as moot**.

### III.

For the foregoing reasons, the complaint is **dismissed**. Konrath shall have **through December 30, 2016**, to show cause why judgment consistent with this Entry should not issue.

The motion for to proceed *in forma pauperis* [Dkt. 2] is **granted**. The motion to screen claim [Dkt. 4] is **granted consistent with the foregoing**. The motion to compel production of the record [Dkt. 3] is **denied**. The addendum to the motion for summary judgment [Dkt. 5] is captioned for Case No. 1:16-cv-2784-LJM-DKL. The **clerk shall** redocket the addendum in that case.

    **IT IS SO ORDERED.**

Date: 11/23/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**

Distribution:

GREGORY KONRATH
254068
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391